IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TARVISH LEVITICUS DUNHAM,**

    Plaintiff,

v.                                          **CIVIL ACTION NO. 3:13-CV-102**
                                               **(JUDGE GROH)**

**UNITED STATES PENITENTIARY
HAZELTON, NEIL SHULTZ, and UNITED
STATES OF AMERICA,**

    Defendants.

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull. By Standing Order, this action was referred to Magistrate Judge Kaull for submission of a proposed R&R. Magistrate Judge Kaull filed his R&R [Doc. 15] on October 11, 2013. In the R&R, he recommends that this Court dismiss the Plaintiff's complaint without prejudice for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**,

889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The docket reflects that service was accepted on October 15, 2013. The Plaintiff timely filed his objections on October 23, 2013 [Doc. 19]. He filed a second set of objections on November 14, 2013 [Doc. 22]. Accordingly, the Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which the Plaintiff objects. The Court will review the remainder of the R&R for clear error.

## I. Background

On September 5, 2013, the *pro se* Plaintiff initiated this action by filing a handwritten complaint. This case was initially filed as a Federal Tort Claims Act ("FTCA") case. The Clerk accordingly sent the Plaintiff a Notice of Deficient Pleading that included an FTCA complaint form. On September 6, 2013, this case was amended to a ***Bivens*** action. That same day, the Clerk sent the Plaintiff a second Notice of Deficient Pleading that included a ***Bivens*** complaint form

On October 10, 2013, the Plaintiff filed the ***Bivens*** and FTCA complaints. Both complaints arise from allegations that Neil Shultz, a corrections officer, used excessive force against the Plaintiff at USP Hazelton on June 14, 2011. His ***Bivens*** complaint names United States Penitentiary Hazelton and Neil Shultz as defendants. In this complaint, the Plaintiff states that he did not file a grievance in the prisoner grievance procedure concerning the complaint's underlying facts. He explains his failure to do so as follows: "The incident was being handled by the FBI since 2011 and I just went to trial in Jan. 2013

and received time for Mr. Shultz's involvement in the incident and am ordered to pay $25.00 to the courts." His FTCA complaint names the United States of America as the defendant. In it, the Plaintiff states that he did not file a FTCA Claim Form (SF-95) or another form of written notice of his claim to the Bureau of Prisons ("BOP"). However, he attached a Small Claims for Property Damage or Loss form that he submitted to the BOP and a letter from the BOP to the complaint. The letter states that the BOP could not accept the claim detailed on the Small Claims for Property Damage or Loss form because the Plaintiff was alleging a personal injury. The BOP letter enclosed an SF-95 form and directed the Plaintiff to file it if he sought to pursue his claim.

Magistrate Judge Kaull screened the complaint pursuant to 28 U.S.C. § 1915A(b). On October 11, 2013, he entered an R&R that recommended dismissing the complaint without prejudice for failure to exhaust administrative remedies. On October 23, 2013, the Plaintiff filed objections to the R&R [Doc. 19].[1] He filed a second set of objections on November 14, 2013 [Doc. 22].

## II. Analysis

### A. November 14, 2013 Objections to the R&R

On November 14, 2013, the Plaintiff filed additional objections to the R&R. As noted earlier, the Plaintiff could file objections to the R&R within fourteen days of being served with it. *See* **L.R. P.L. P.** 12. However, Local Rule of Prisoner Litigation Procedure 13 provides that "[p]risoners shall not file pleadings or papers not authorized by these Rules"

---

[1] In addition to docketing Document 19 as objections to the R&R, the Clerk docketed it as a motion for extension of time to amend the complaint. Nowhere in the document, however, does the Plaintiff ask to amend his complaint. Accordingly, the Court will order that the Clerk terminate this motion because it was erroneously docketed as such.

3

and that such pleadings or papers "will be stricken from the docket by the Court and returned to the prisoner."

Here, the Local Rules do not authorize the Plaintiff to file a second set of objections. Even if they did, these objections would be untimely as he filed them more than fourteen days after he was served with the R&R. Accordingly, the Court will disregard the Plaintiff's objections filed on November 14, 2013.

### B. October 23, 2013 Objections to the R&R

The Court will now address the Plaintiff's October 23, 2013 objections in turn.

#### 1. Objections to Recommended Disposition of *Bivens* Claims

Magistrate Judge Kaull recommended dismissing the Plaintiff's *Bivens* complaint because he did not exhaust his administrative remedies. The Plaintiff objects to this recommendation in two ways. First, he objects to the R&R's "stance that [his] claim against Neal Shultz not be considered because of the two year deadline." Second, he argues that the Court should waive the exhaustion requirement because he was removed from USP Hazelton the day of the incident and "didn't know what Neal Shultz had done."

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action concerning prison conditions under 42 U.S.C. § 1983 or any other federal law must have first exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion is mandatory and applies in *Bivens* actions. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Because exhaustion is a prerequisite to suit, a prisoner must have exhausted all available administrative remedies before filing his complaint. *Id.* Exhaustion is required even if the relief that the prisoner seeks is not available in grievance proceedings. *Id.* The PLRA also

requires proper exhaustion. ***Woodford v. Ngo***, 548 U.S. 81, 93 (2006). A prisoner, however, need not exhaust administrative remedies if they "are not 'available' to" him. ***Kaba v. Stepp***, 458 F.3d 678, 684 (7th Cir. 2006). Further, if "failure to exhaust is apparent from the face of the complaint," a court can dismiss the case *sua sponte*, such as when screening the complaint pursuant to 28 U.S.C. § 1915A. See ***Anderson v. XYZ Correctional Health Servs., Inc.***, 407 F.3d 674, 681-82 (4th Cir. 2005).

Here, the Plaintiff does not argue that he exhausted his administrative remedies. Indeed, it is apparent from his ***Bivens*** complaint that he did not do so. The complaint states that there was a grievance procedure at USP Hazelton and that the Plaintiff did not file any grievances concerning the complaint's underlying facts. ([Doc. 7], p. 4). The allegation that the incident led to an FBI investigation and criminal charges does not relieve the Plaintiff of his obligation to exhaust his administrative remedies.

As for the Plaintiff's objections, they are without merit. He has not shown a basis for waiving the exhaustion requirement because he has not contended that administrative remedies were unavailable to him. See ***Kaba***, 458 F.3d at 684. His objection concerning a two-year deadline is irrelevant because a statute of limitations–the type of deadline that the Plaintiff appears to reference–is not at issue. The Court therefore **OVERRULES** the Plaintiff's objections. Accordingly, dismissal is appropriate because the Plaintiff did not exhaust his administrative remedies before filing his ***Bivens*** complaint. See 42 U.S.C. § 1997e(a); *see also **Anderson***, 407 F.3d at 681-82.

### 2. Objection to Recommended Disposition of FTCA Claim

Magistrate Judge Kaull recommended dismissing the FTCA complaint for failure to

exhaust administrative remedies. The Plaintiff objects to the R&R's "stance that the basis for denying [his] FTCA claim is that [he] failed to submit the standard 95 forms." He argues that the fact that he submitted a form shows his "willingness to comply with [the Court's] wishes" and that, after filing his complaint, he filed the S-95 form. He also states that, when he read the S-95 form, he "became aware that [he] would not get the relief that [he] sought and wrongly chose to go straight to the courts."

Before initiating an FTCA action, a plaintiff must have "first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). This requirement is "jurisdictional and may not be waived." *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (citation omitted). Thus, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). If a plaintiff exhausts his administrative remedies after filing the complaint, the court still lacks jurisdiction. *Id.* at 110-13 (rejecting the argument that exhausting remedies after filing an FTCA complaint vested the district court with jurisdiction).

Here, the Plaintiff does not contest that he failed to exhaust his administrative remedies before filing his FTCA complaint. He acknowledges that he did not do so in his objections as he avers that, after reading the S-95 form, he realized that he "wrongly chose to go straight to the courts." A review of his complaint confirms that the Court lacks jurisdiction over it. The complaint states that the Plaintiff did not file a SF-95 form or other written notice before initiating this action. Though the complaint includes a Small Claims for Property Damage or Loss form, this was not the proper form through which he could exhaust his administrative remedies. Additionally, the Plaintiff's willingness to exhaust remedies after filing his complaint does not vest this Court with jurisdiction over it. As the

6

Supreme Court held in *McNeil*, the Plaintiff must have exhausted his administrative remedies *before* initiating this case. 508 U.S. at 113. His complaint therefore is subject to dismissal pursuant to § 2675(a). *See **Plyler***, 900 F.2d at 42. Accordingly, the Court **OVERRULES** the Plaintiff's objection.

### III. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Plaintiff's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Plaintiff's ***Bivens*** and FTCA complaints are hereby **DISMISSED WITHOUT PREJUDICE**.

The Court further **ORDERS** that the Clerk **TERMINATE** the Motion for Extension of Time to Amend the complaint [Doc. 19] because it was erroneously docketed as a motion.

The Court **DIRECTS** the Clerk to enter judgment in favor the Defendants.

The Court further **DIRECTS** the Clerk that this case be closed and stricken from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff.

**DATED**: February 6, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE